786

## Commonwealth v. Rice.

*Norman B. Leslie*, District Attorney, for Commonwealth.
*A. B. Dunsmore* and *Crichton & Owlett*, for defendant.

MARSH, P. J., Jan. 14, 1929.—The defendant, Walter Rice, was arrested on the charge of driving a motorbus more than thirty miles an hour.

The evidence of Patrolmen Day, Owen and Lewis proved that in Richmond Township, within one-half mile of Powers Corners, there was a marked and measured course of one-eighth mile; that on Nov. 21, 1928, the defendant operated a motorbus over this course. Patrolman Lewis testified that the bus passed over the course in twelve seconds, which would show a speed of thirty-seven and one-half miles an hour. The time was taken with a stop-watch held by Patrolman Lewis, while Patrolman Owen signalled to him by dropping his arm when the line was passed.

The Act of May 11, 1927, P. L. 886, requires that the "time shall be taken by not less than two officers, one of whom shall have been stationed at each end of such measured stretch, and no conviction shall be had on the unsupported evidence of one officer, and no such measured stretch shall be less than one-eighth of a mile in length."

In this case the measured stretch was one-eighth of a mile in length as required, and the officers were stationed one at each end of it as directed by the statute. The time was taken with a stop-watch held by Patrolman Lewis, who was assisted by signal given by Patrolman Owen.

The only question is whether the time was taken by not less than two officers. Undoubtedly two officers participated in the taking of the time. Undoubtedly, also, only the officer holding the stop-watch actually took the time.

Was that a compliance with the true intent of the statute? Just what did the legislature mean? In requiring two officers to take the time, what certainty did it intend to assure and how? Was the purpose to avoid error in the functioning of one watch, or error in the functioning of one officer?

The rule for the construction of statutes is that courts should search out and follow the true intent of the legislature, which is frequently a difficult duty. It is not easy in the statute under consideration, for no one can certainly know what the legislature's true intent was in declaring that not less than two officers should *take the time*.

That all doubts concerning the interpretation of a penal statute are to be resolved in favor of the accused, is a well known rule of construction, declared in Com. *v.* Exler, 243 Pa. 155, and in other cases. There are doubts concerning the interpretation of the statute invoked in the present case, and they must be resolved in favor of the accused.

And now, Jan. 14, 1929, the defendant is discharged.

From G. Mason Owlett, Wellsboro, Pa.